IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.11-05773 (SEK) |
|---|---|
| Autos Vega, Inc., | CHAPTER 11 |
| Debtor. | |

## APPLICATION FOR APPOINTMENT OF ATTORNEY FOR DEBTOR

**TO THE HONORABLE COURT:**

COMES NOW Autos Vega, Inc. as debtor and debtor in possession in the above captioned Chapter 11 case, through its undersigned counsel and very respectfully alleges and requests:

1. On July 6, 2011, Autos Vega, Inc. ("Debtor") filed its petition for reorganization under the provisions of 11 U.S.C. Chapter 11 of the Bankruptcy Code.

2. Debtor is not sufficiently familiar with the law to be able to plan and conduct the proceedings herein without competent legal counsel.

3. In selecting such counsel, Debtor has made careful and diligent inquiry into the qualifications and connections of McConnell Valdés LLC ("McV"), and has found said law firm and its members to be duly qualified to represent Debtor in these proceedings by reason of their ability, integrity and professional experience.

4. Debtor has retained McV as its counsel in these proceedings subject to the approval of this Court in accordance to Fed. R. Bank. P. 2014, on the basis of a $15,000.00 retainer, which was advanced by Debtor, against which the law firm will bill on the basis of $270.00 per hour, for work performed or to be performed by Antonio A. Arias-Larcada, Esq., $155.00 per hour for work performed or to be performed by Yarilyn C. Pérez-Colón, Esq., $130.00 per hour for work performed or to be performed by Cecilia M. Suau, Esq., and $125.00 for paralegals, plus expenses, upon application(s) and approval by this Court. These rates are considered to be reasonable and fair, in line with services comparable to those performed on behalf of other clients. Upon the exhaustion of the retainer, the billing will continue, as aforestated subject to any period and as stated in accordance with McV's

2

established billing practices and procedures[1] and any compensation will be processed through the pertinent application(s) to be filed with the Court.

5. Debtor has selected McV on the basis of its recognized experience in the field of debtors' and creditors' rights and business reorganizations and liquidations under Chapter 11 of the Bankruptcy Code; its expertise, experience and knowledge practicing before this Court; its proximity to the Court; and its ability to respond quickly to emergency hearings and other emergency matters before this Court.

6. In connection with its prepetition representation of the Debtor with respect to the preparation of commencement of this Chapter 11 case, McV has become familiar with the Debtor's businesses, financial affairs, and capital structure. Accordingly, McV has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtor's Chapter 11 case. The Debtor believes that McV is well qualified and uniquely able to represent it in its Chapter 11 case in a most efficient and timely manner.

7. In light of the professional services to be rendered in the short term and the involved nature of this case where the debts exceed $30,000,000.00 (considering certain disputed liabilities), and the anticipated work, it is requested that McV be allowed to file its applications for interim compensation every sixty (60) days from its appointment as Debtor's legal representative.

8. McV and its members, counsels, and associates are all disinterested persons as defined in 11 U.S.C. §101(14), since they are:

    (A)    Not Debtor's creditor, equity security holder or insider;

    (B)    Not and were not, within two years before the date of the filing of the petition a directors, officers or employees of the Debtor.

---

[1] McV has informed the Debtor that its hourly rates are subject to periodic adjustments in accordance with McV's established billing practices and procedures.

3

(E) Do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

9. McV may have performed services in the past and may perform services in the future, in matters unrelated to this Chapter 11 case, for persons that are parties in interest in Debtor's chapter 11 case. As part of its customary practice, McV is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in this Chapter 11 case. However, McV currently does not perform services for any such person in connection with this Chapter 11 case. In addition, McV does not have any relationship with any such person, their attorneys, or accountants that would be materially adverse to the Debtor or the estate.

10. Other than non-bankruptcy pre-petition legal representation of the Debtor and Euroclass Motors, Inc. in a labor dispute, which is the main reason of the filing of this bankruptcy petition, McV and its members, counsels and associates do not have any connection with the Debtor or its affiliates, its officers, directors and insider, its creditors, or any other party in interest in this case, or their respective attorneys or advisors, the United States Trustee or any person employed in the office of the United States Trustee.

11. McV will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. Pursuant to P.R. LBR 2014-1, to the extent that McV learns of any additional material information relating to its employment (such as potential or actual conflicts of interest), McV will file and serve a supplemental affidavit with the Court setting forth the additional information.

12. The Bankruptcy Code, 11 U.S.C. §327(a) provides in its pertinent part that:

> (a) Except as otherwise provided in this section, the trustee[2], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

This section authorizes the debtors-in-possession, subject to the Court's approval, to employ professional persons, such as attorneys, accountants, appraisers, auctioneers, engineers and accountants, to represent or perform services for the estates. House Report Number 95-595, 95th. Congress, First Sess. (1977) 328.

13. In addition, pursuant to §328(a) of the Bankruptcy Code, the Debtor, "with the court's approval, may employ or authorize the employment of a professional person under section 327… any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328 of the Bankruptcy Code permits the compensation of professionals on flexible terms that reflect the nature of their services and market conditions. The Debtors believe that McV's customary hourly rates and reimbursement policies are reasonable and comparable to the rates and policies other firms charge for similar services.

14. In compliance with 11 U.S.C. §§ 327, 328, and 504(b)(1), Fed. R. Bankr. P. 2014 and 2016(b) and P.R. LBR 2014-1, a statement under penalty of perjury executed by Antonio A. Arias-Larcada, Esq., Capital Member of McV, who would be the lead counsel in this case and his curriculum vitae are accompanied with this Application as **Exhibits A** and **B.**

15. As discussed above and as set forth in the attached statement under penalty of perjury executed by Antonio A. Arias-Larcada, Esq., Debtor submits that it has satisfied the statutory requirements of sections 327(e) and 328(a) of the Bankruptcy Code and Fed. R. Bakr.P. 2014 and that the retention of McV is in the best interests of the Debtor, its estate, its creditors, and all other parties in

---

[2] To be understood as debtor-in-possession.

5

interest. Accordingly, Debtor respectfully requests the entry of an order allowing McV to represent Debtor in the instant case, on the terms set forth herein.

**WHEREFORE**, it is respectfully requested that this Court enter an order allowing McConnell Valdes LLC, to represent Debtor in the instant case, with interim compensation to be paid as allowed at sixty-day (60) intervals, pursuant to 11 U.S.C. §§ 327, 330, and 1104 and 1106.

In San Juan, Puerto Rico, this 12th day of July, 2011.

AUTOS VEGA, INC.

By: _____
RAMON VEGA DÍAZ
PRESIDENT

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF systems which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of July, 2011.

**McCONNELL VALDES LLC**
Attorneys for Autos Vega, Inc.
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone:(787) 250-5604
Fax No.(787)759-2771

By: S/Antonio A. Arias-Larcada
Antonio A. Arias-Larcada
USDC-PR No.: 204906
aaa@mcvpr.com

By: S/Yarilyn C. Pérez-Colón
Yarilyn C. Pérez-Colón
USDC PR No. 224514
ycp@mcvpr.com

6

## NOTICE

TO PARTIES IN INTEREST:

Within ten (10) days after services as evidenced by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006 (f) if you were served by mail, any party against whom this Application has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this Application with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the Application will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

CERTIFICATE OF SERVICE: I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems which will send notifications of such filing to the Office of the United States Trustee, and all CM/ECF participants.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of July, 2011.

**McCONNELL VALDES LLC**
Attorneys for Autos Vega, Inc.
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone:(787) 250-5604
Fax No.(787)759-2771

By: S/Antonio A. Arias-Larcada
Antonio A. Arias-Larcada
USDC-PR No.: 204906
aaa@mcvpr.com

By: S/Yarilyn C. Pérez-Colón
Yarilyn C. Pérez-Colón
USDC PR No. 224514
ycp@mcvpr.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

Autos Vega, Inc.,

    Debtor.

CASE NO.11-05773 (SEK)

CHAPTER 11

## STATEMENT UNDER PENALTY OF PERJURY

I, ANTONIO A. ARIAS-LARCADA, do hereby certify under penalty of perjury that to the best of my knowledge, information and belief the following is true and correct:

1. I am an attorney and counselor-at-law, and capital member of the law firm of McConnell Valdés LLC ("McV"), fully admitted to practice in the Commonwealth of Puerto Rico and in this Court.

2. I am authorized to make this declaration on behalf of McV.

3. McV maintains its principal offices at 270 Muñoz Rivera Avenue, San Juan, Puerto Rico, 00918, its postal address is P.O. Box 364225, San Juan, Puerto Rico 00936-4225; Tel. (787) 250-5604 and Fax No. (787) 759-2731.

4. As of July 6, 2011, McV has agreed to represent Debtor in these proceedings, as more particularly set forth in paragraph four (4) of Debtor's application for appointment of attorney, subject to the approval of this Court.

5. To the best of my knowledge, McV and its members, counsels and associates, are all disinterested persons, as defined in 11 U.S.C. §101(14) since:

    (A) They are not Debtor's creditors, equity security holders or insiders;

    (B) They were not and are not within two (2) years before the date of the filing of Debtor petition, a director, officer or employee of the Debtor;

    (C) They do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

6. McV may have performed services in the past and may perform services in the future, in matters unrelated to this Chapter 11 case, for persons that are parties in interest in Debtor's chapter 11 case. As part of its customary practice, McV is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in this Chapter 11 case. However, McV currently does not perform services for any such person in connection with this chapter 11 case. In addition, McV does not have any relationship with any such person, their attorneys, or accountants that would be materially adverse to the Debtor or the estate.

7. Other than non-bankruptcy pre-petition legal representation of the Debtor and Euroclass Motors, Inc. in a labor dispute, which is the main reason of the filing of this bankruptcy petition, to the best of my knowledge McV and its members, counsels and associates do not have any connection with the Debtor or its affiliates, its officers, directors and insider, its creditors, or any other party in interest in this case, or their respective attorneys or advisors, the United States Trustee or any person employed in the office of the United States Trustee.

8. Debtor has retained McV as its counsel in these proceedings subject to the approval of this Court in accordance to Fed. R. Bank. P. 2014, on the basis of a $15,000.00 retainer, which was advanced by Debtor, against which the law firm will bill on the basis of $270.00 per hour, for work performed or to be performed by Antonio A. Arias-Larcada, Esq., $155.00 per hour for work performed or to be performed by Yarilyn C. Pérez-Colón, Esq., $130.00 per hour for work performed or to be performed by Cecilia M. Suau, Esq., and $125.00 for paralegals, plus expenses, upon application(s) and approval by this Court. These rates are considered to be reasonable and fair, in line with services comparable to those performed on behalf of other clients. Upon the exhaustion of the retainer, the billing will continue, as aforestated subject to any period and as stated in accordance with McV's established billing practices and procedures[1] and any compensation will be processed through the pertinent application(s) to be filed with the Court.

---

[1] McV has informed the Debtor that its hourly rates are subject to periodic adjustments in accordance with McV's established billing practices and procedures.

9. There are no agreements on the part of McV, for the sharing of any compensation or reimbursement received or to be received under 11 U.S.C. §§330(a) and 503(b)(2), or otherwise in connection with this case, nor will it share in any such compensation or reimbursement received by another person under such sections, except the customary payments to members, counsels, associates and regular employees of the firm.

10. The source of the compensation promised to the stated law firm shall be from Debtor's operations and from such funds as may be available to Debtor from third parties and to which Debtor may be legally entitled, or as may advanced by Debtor's principals.

11. I will amend this statement immediately upon learning that (a) any of the representations made herein are incorrect, or (b) there is any change of circumstances relating thereto.

12. I have reviewed the provisions of Local Bankruptcy Rule 2016-1.

13. I declare under penalty of perjury that the foregoing is true and correct, as provided in 28 U.S.C §1746.

San Juan, Puerto Rico, this 12th day of July, 2011.

s/ ANTONIO A. ARIAS-LARCADA
**USDC-PR 204906**
McCONNELL Valdes, LLC
P.O. Box 364225
San Juan, Puerto Rico 00936-4225
Telephone No. (787) 250-5604
Telecopier No. (787) 759-2771
Email: aaa@mcvpr.com





**ANTONIO A. ARIAS-LARCADA**

Capital Member | aaa@mcvpr.com | P 787.250.5604 | F 787.759.2771

Antonio A. Arias-Larcada is a Capital Member in the Litigation Practice Group. He is also leads the Bids and Government Procurement, the Collections and the Bankruptcy Practice Teams. He joined the firm in 1988.

### PRACTICE

Mr. Arias-Larcada has developed a general civil and commercial litigation practice with emphasis in bankruptcy, the RICO Act, collections, foreclosure and asset repossession in federal and state courts. He has significant experience in bids and procurement consulting and litigation before nearly all agencies representing companies bidding on government contracts for goods and services ranging from law enforcement aircraft to bone healing medical equipment. He practices extensively before the federal courts and administrative agencies at trial and appellate levels. Mr. Arias also specializes in workouts, medical malpractice, construction law, the petroleum industry, telecommunications, automatic stay violations, critical vendor and educational loan dischargeability issues, Fair Debt Collection Practices Act litigation and consulting, and arbitration claims. He has consulted for several clients in government acquisition of computer hardware and software for major infrastructure projects.

### EDUCATION

He obtained a Bachelor of Liberal Arts from Boston College and a juris doctor from the Interamerican University School of Law in Puerto Rico where he graduated *Magna Cum Laude*.

### ADMISSIONS

Mr. Arias-Larcada is admitted to practice in the Commonwealth of Puerto Rico, the U.S. Supreme Court, the U.S. Court Appeals for the First Circuit, and the U.S. District Court for the Puerto Rico District.

### MEMBERSHIPS

He is a member of the Federal Bar Association. He regularly lectures on bankruptcy and collections. For the last 15 years Mr. Arias-Larcada has been giving the bankruptcy bar review course sponsored by the FBA.

Attorney Antonio A. Arias-Larcada | Page 2

### REPRESENTATIVE CASES

Mr. Arias-Larcada has argued several times before the U.S. Court of Appeals for the First Circuit. Early in his career at McConnell Valdés he successfully defended a mortgage lender from homeowners who had brought an action to recover millions for violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act, the Truth in Lending (TILA) Act, RESPA and Puerto Rico fraud statutes in connection with the sale of defective luxury housing. The United States District Court dismissed the complaint. It was affirmed in *Arzuaga-Collazo v. Oriental Federal Savings Bank*, 913 F.2d 5 (1st Cir. 1990). He has represented creditors and institutional lenders in major Chapter 11 bankruptcies in the District of Puerto Rico including the Emerito Estrada Rivera, Charlie Auto Sales, Inc, Redondo Construction, Nutritional Resources a/k/a Pueblo Supermarkets and La Electronica, Inc. reorganization cases. Recently, Mr. Arias-Larcada has also represented creditors in CV Entertainment Corp., Atlantis Healthcare, Caguas Lumber Yard, Inc. a/k/a Empresas Massó, Carabel Export, Bora Bora, Inc., PMC Marketing Corp. a/k/a Farmacias El Amal, SEDECO, Abraham Petroleum Corporation and Dr. Pila Hospital in Ponce. In two of these cases Mr. Arias has been in charge of the organization and continuity of the unsecured creditors' committee acting as Committee Secretary. Mr. Arias-Larcada has had jury trial experience representing Volvo Car Corporation in a RICO and money laundering class action and on the plaintiffs' side in cases of age discrimination under federal and state law. As chairman of the Bids and Procurement Practice Area, Mr. Arias-Larcada successfully represented Bell Helicopter Textron in 1999 in a contentious bid challenge following the award to Bell of a government contract for a new fleet of helicopters for the Puerto Rico Police Department. In 2007, after five years of litigation, he secured the dismissal with prejudice of a commercial dispute against multinational Schlumberger Ltd. in relation to its installation and operation of an inmate public telephone network part of a telecommunications contract involving the Puerto Rico Telephone Company and the Corrections Administration. In 2008, he handled for Shell Trading a successful bid challenge in a multi-million dollar petroleum supply contract before the Puerto Rico Electric Power Authority. In 2009, Mr. Arias has represented parties in government bids related to parolee electronic monitoring devices and technological solutions to increase tax collections at points of sale. To date, his practice group has consulted or intervened on behalf of firm clients in over 35 different government bids involving a wide spectrum of goods and services.

### PUBLICATIONS

He has published several articles on RICO and bankruptcy issues in local newspapers. Mr. Arias is a regular member of the faculty of the National Business Institute where he gives seminars on bankruptcy, collection and ethics.

Puerto Rico | Washington, DC | mcvpr.com